**YUE HUA XU, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 03–40708–ag.**

United States Court of Appeals, Second Circuit.

June 21, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

John L. Brownlee, United States Attorney, Western District of Virginia, Julie C. Dudley, Assistant United States Attorney, Roanoke, Virginia, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Petitioner Yue Hua Xu petitions for review of an order of the BIA denying a motion to reopen Xu's BIA proceedings.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We assume the parties' familiarity with the facts and procedural history of the case.

The BIA's denial of Xu's motion to reopen did not constitute an abuse of discretion. The BIA had properly mailed the briefing schedule to the Hester Street address listed on Xu's notice of appeal and her asylum application. Although Xu argued in her motion that her failure to receive the briefing schedule could have been "due to the change of [her] address," Xu indicated on her Change of Address Form that she had moved in December 2002—five months after the briefing schedule had been sent. The BIA, therefore, rationally concluded that the scheduling notice had been mailed to the proper address.

Moreover, although Xu stated in her motion to reopen that she had failed to receive the scheduling order which could have been "due to the change in [her] address," Xu failed to submit any competent evidence in the form of affidavits or other evidentiary material to either show that her address had changed before July 2002, when the notice had been sent, or to support her assertion that the notice had not been delivered. *See* 8 C.F.R. § 1003.2(c)(1) (2002); 8 U.S.C. § 1229a(c)(6)(B) (2000). The BIA, therefore, did not abuse its discretion in declining to treat the allegations Xu made in her motion to reopen as evidence corroborating her assertion that the briefing schedule had not been delivered.

Accordingly, the petition for review is hereby DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VA-CATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).